JILL P. TELFER, State Bar No. 145450
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
980 9th Street Suite 2550
Sacramento, California 95814
Telephone:      (916) 446-1916
Facsimile:      (916) 446-1726
E-mail:         jtelfer@telferlaw.com

Attorney for Plaintiff
**MARK VOROBETS**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK VOROBETS,<br><br>             Plaintiff,<br><br>    v.<br><br>NTT DATA FEDERAL SERVICES, and DOES 1 through 20, inclusive<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:** **Discrimination, Retaliation, and Related Claims**<br><br>** JURY TRIAL REQUESTED** |

COMES NOW Plaintiff, **MARK VOROBETS**, and alleges as follows:

## PARTIES

1.     Plaintiff **MARK VOROBETS** (hereinafter referred to as "Vorobets") worked as a Technical Solutions Architectural Analyst for Defendant **NTT DATA FEDERAL SERVICES** (hereinafter referred to as "NTT"). He received a good evaluations and positive feedback on his performance, however once Defendant learned of his mental disability and his need for the reasonable accommodation of medical leave, Defendant terminated him because of his disability and his request for an assistance.

///

///

COMPLAINT FOR DAMAGES: Discrimination, Retaliation, and Related Claims

2.    Defendants NTT is a top ten Information Technology and Business Services company providing cyber security with over 190,000 employees worldwide, organized, and existing under the laws of the State of Delaware. At all times mentioned herein it was authorized to do business in the State of California.

## JURISDICTION AND VENUE

3.    Jurisdiction is based on the diversity of the parties pursuant to 28 U.S.C. §1332(a) and 1441(b). This Court may invoke pendent jurisdiction over Vorobets's state law claims based on 28 U.S.C. §1367. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the territorial boundaries of this judicial district.

## GENERAL ALLEGATIONS

4.    Vorobets began his employment with NTT on December 12, 2022. Vorobets received an excellent evaluation. After the evaluation, his supervisor doubled the workload. He met with his manager a few days after being given the assignment, and expressed his concerns about the ability to complete the high volume of tasks and projects. Vorobets showed his supervisor  the attempts he made to keep the workload under control. She responded that she was very happy with his detailed worksheets and strategy plan.

5.    However, on July 21st, 2023, Vorobets was hospitalized due to his mental disability. He attempted to return to work on October 9th, 2023. However, NTT told Vorobets he could not return to work. Without warning, he was terminated on October 13th, 2023, by NTT because of his mental disability and because he required the reasonable accommodation of medical leave.

6.    Mr. Vorobets never received any feedback that his work performance was an issue; he only received positive feedback.

7.    The true names and capacities of the defendants named herein as DOES 1 through 20, inclusive, whether individual, corporate, associate or otherwise, are unknown to VOROBETS who therefore sue such defendants by fictitious names. Vorobets is informed and believes that the DOE Defendants are responsible in some manner for the occurrences herein alleged and that Vorobets's injuries were proximately caused by the aforesaid Defendants. Vorobets will amend this complaint to show such true names and capacities when they have been determined.

2

8. Vorobets is informed and believes, and thereby alleges that each of the defendants herein was at all times relevant hereto the agent, employee, or representative and/or joint venturer of the remaining defendants, and was acting at least in part within the course and scope of such relationship. Vorobets is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

9. Vorobets alleges on information and belief that, at all times relevant herein, Defendants, and each of them, have actively participated in the discrimination and retaliation against Vorobets because of his disability and/or perceived disability, and his request for reasonable accommodation.

10. The managing agents for Defendants knew and/or should have known of the discrimination against Vorobets. Despite having been informed of, or having reasonable knowledge of said unlawful activity, these managing agents have refused to take any action to abate it and instead ratified the conduct of those who discriminated and retaliated against Vorobets.

11. All of the described conduct, acts, and failures to act are attributed to agents and employees under the direction and control, and with the permission, consent, and authorization of the remaining Defendants. Said acts, conduct and failures to act are within the scope of such agency and/or employment.

**Vorobets' Exhaustion of Administrative Remedies**

12. Vorobets filed a complaint with the Civil Rights Department and received a Right to Sue on May 7, 2024.

**FIRST CLAIM FOR RELIEF**
**Disability Discrimination – Disparate Treatment**
**Violation of the Fair Employment and Housing Act**

13. Vorobets incorporates herein by reference Paragraphs 1 through 12 of this Complaint as fully set forth herein.

14. Vorobets is a disabled male and Defendants perceived him as disabled after he required medical leave for his disability. Defendants and each of them were aware of Vorobets's condition and limitations after he was hospitalized. Defendants took actions against him because of his disability and their perception of his disability and terminated him.

///

3

COMPLAINT FOR DAMAGES: Discrimination, Retaliation, and Related Claims

15. As a direct and proximate result of Defendants' discriminatory acts, Vorobets has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Vorobets's damage in the amount according to proof at trial.

16. As a proximate result of Defendants' actions against Vorobets, Vorobets has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation, and mental anguish all to his damage in an amount according to proof at trial.

17. Defendants' willful and knowing discrimination of Vorobets is outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society. As a proximate result of Defendants' willful, intentional, and malicious conduct, Vorobets suffered and continues to suffer extreme mental and emotional distress. Vorobets therefore is entitled to an award of general damages and punitive damages against the Defendants.

## SECOND CLAIM FOR RELIEF
### Retaliation for Requesting Protected Leave
### Under Government Code §12900 - California Family Rights Act

18. Vorobets hereby incorporates by reference paragraphs 1 through 17 as set forth fully herein.

19. Plaintiff engaged in the protected activity of requesting the reasonable accommodation of medical leave in July 2023. Plaintiff Vorobets requested and utilized leave because of his disability.

20. As a result of Plaintiff's request for reasonable accommodation, Defendant retaliated against Plaintiff by terminating his employment.

21. As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in the amount according to proof at trial.

22. As a proximate result of Defendants' actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to

4

suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof at trial.

23. As a result of Defendant's retaliatory conduct as alleged herein, Plaintiff has no plain, adequate, or complete remedy at law, and Defendant continues to engage in said wrongful conduct. Therefore, Plaintiff requests that Defendant, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in these alleged wrongful practices set forth herein.

24. Defendant's willful and knowing retaliation against Plaintiff is outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society. As a proximate result of Defendant's willful, intentional, and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages and punitive damages against the Defendants.

### THIRD CLAIM FOR RELIEF
**Failure to Correct**
**Gov Code §12940(k)**

25. Vorobets incorporates by reference paragraphs 1 through 24, inclusive of this complaint as if fully set forth.

26. At all times mentioned herein, Vorobets was a conscientious employee who performed well in his job.

27. Defendants discriminated and retaliated against Vorobets on the basis of his disability and/or request for reasonable accommodation.

28. Said discrimination and retaliation violated public policy and Government Code §12940 et seq.

29. As a direct and foreseeable and proximate result of Defendants' discriminatory acts, Vorobets has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Vorobets's damage in the amount according to proof at trial.

30. As a proximate result of Defendants' actions against Vorobets, Vorobets has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation, and mental anguish all to his damage in an amount according to proof.

COMPLAINT FOR DAMAGES: Discrimination, Retaliation, and Related Claims

31. As a result of Defendants' discriminatory conduct as alleged herein, Vorobets has no plain, adequate, or complete remedy at law, and Defendants continues to engage in said wrongful conduct. Therefore, Vorobets requests that Defendants, including its agents and employees and those acting in concert with them be permanently enjoined from engaging in these alleged wrongful practices set forth herein.

32. Defendants' willful and knowing discrimination of Vorobets is outrageous and beyond the scope of conduct which should be tolerated by citizens in a civilized society. As a proximate result of Defendants' willful, intentional, and malicious conduct, Vorobets suffered and continues to suffer extreme mental and emotional distress. Vorobets therefore is entitled to an award of general damages and punitive damages against the Defendants.

**FOURTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**

33. Vorobets incorporates by referenced paragraphs 1 through 32, as though fully set forth herein.

34. The public policy of the State of California prohibits an employer from terminating an employee due to having a disability, and for requesting reasonable accommodation.

35. This policy is expressed in the California Government Code § 12920 et seq.

36. Defendants' termination of Vorobets's employment was in violation of the public policy of the State of California.

37. As a proximate result of Defendants' willful, intentional, and malicious indifference, Vorobets suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general and punitive damages against Defendant.

38. Vorobets has suffered and continues to suffer irreparable harm and other injuries as a direct and legal result of actions of Defendant including severe anxiety, physical ailments directly attributable to stress and other emotional trauma. As a proximate result of Defendant's willful, intentional, and malicious conduct, Vorobets has suffered and continues to suffer humiliation, embarrassment, and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of general and punitive damages against the Defendants.

39.    The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Vorobets, for an improper and evil motive amounting to malice and with a reckless and conscious disregard of Vorobets's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified, and approved by the managing agents and officers of Defendants, and each of them. Willis thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

WHEREFORE, Vorobets prays for judgment as herein set forth.

<strong><u>PRAYER</u></strong>

1.    Award Vorobets compensatory damages, according to proof, for lost wages, medical and psychiatric care expenses and pain and suffering;

2.    Punitive damages;

3.    Attorneys' fees;

4.    Costs of suit;

5.    For any other relief that the Court deems just and proper.

Dated: May 17, 2024                              LAW OFFICES OF JILL P. TELFER

JILL P. TELFER
Attorney for Plaintiff
**MARK VOROBETS**

7

COMPLAINT FOR DAMAGES: Discrimination, Retaliation, and Related Claims